The opinion of the Court was delivered by
WniTNER, J.
The facts of this case make it somewhat peculiar. It is, perhaps, not surprising, that, when a paper is offered for probate nearly thirty years after its execution, and when the few thousand dollars it was originally intended to dispose of, have grown into the unwieldy sum of as many hundred thousand, the contest for the spoils should be pressed to a tribunal of the last resort. The points presented for adjudication to this Court, however, are without much difficulty.
Some of the grounds of appeal complain that the presiding Judge was too explicit in his charge, and invaded the province of the jury. In vindication, I shall content myself with a reference to the report of the judge, freeing the case from some of the misapprehensions of counsel, and also to the opinion of GloveR, J., in the recent case of Kirkwood vs. Gordon, 7 Rich. 478, fortified by the authority of the venerable Lord Hale, in his History of the Common Law, 256, 257, treating of the duties of Judges and juries. The rule he lays down, has always been acted on in this State. “ That the Judge who presides, shall always direct the jury in matters of law before they retire or withdraw, and alsp assist them as to matters of fact, weighing the evidence before them, and observing where the main question or knot of the business lies; and sometimes by giving an opinion, even in matters of fact, which is a great advantage to laymen.” This court cannot undertake to designate *141 by rule, tbe manner and form wherein an opinion entertained by tbe Judge of the facts of a case, shall be made known to a jury. Looking to the brief, eertainly the conclusion to be arrived at by the jury, was fairly put in the alternative, and the opinion indicated on the proof offered, was well warranted. In these particulars, therefore, we find no just cause of complaint.
The fourth ground presents somewhat an anomaly as matter of appeal. It is in substance, that the Circuit Judge, in summing up the testimony, confounded the names of the witnesses. There is no allegation that such proof was not made, and by credible pérsons, but that the faets were proven by other witnesses than those named. It cannot be that the jury were then -misled. This is of frequent occurrence, usually corrected by suggestions at'the bar, if deemed of consequence, and otherwise readily detected by jurors to whom the witnesses are generally more familiarly known. Such an objection cannot avail the appellants.
The appellants objeet to the verdict of the jury in argument, because of the informal execution of the will, and the want of sufficient proof of any execution of the paper. Such objections, I presume, may be regarded as eovered by the fifth ground. The will purported to be attested and subscribed by three witnesses, each of whom was credible. Two of them were dead, and the ordinary proof of genuineness of signatures was made. The surviving witness had no recollection whatever of the transaction, but recognized the genuineness of his signature, and was satisfied he must have been asked by the testator to sign itj as he would not- have otherwise signed. His character, it is conceded, is above imputation. It is not necessary, as has been contended, that the witnesses should subscribe in the presence of each other. The statute is satisfied, where each witness has signed in the presence of the testator. 5 Stat. 107, A. A. 1789, Sect. 2: 6 Stat. 238, A. A. 1824, Sect. 8.
Neither is it necessary, as has been insisted, that there *142 should be proof of formal publication of the will by the testator. The will may be good without any words of the testator declaratory of the nature of the instrument, or any formal recognition of it, or allusion to it. Jar. on Wills, 71-2, and cases cited. Here the testator prepared and subscribed the paper with his own hand, and well knowing the instrument therefore, produced it to three witnesses to attest. The design of publication in such case, therefore, is well met.
The third ground complains that the Judge charged the jury that no change in the pecuniary circumstances of the testator between the execution of the will and his death, nor in his social relations or moral duties,” such as had occurred, amounted to an implied revocation. This, at least, was the instruction as set out in the brief. When it is shown that a will has b'een duly executed, it remains of force until revoked. Ambulatory in its nature during the testator’s life, a will, of course, may be revoked at pleasure, yet no implication arises by mere lapse of time intervening. The legislature has attempted with care to provide against frauds and impositions in reference to wills, as well in their execution as in their revocation. Hence, to guard against the admission of loose and uncertain testimony to operate against an instrument so formally executed, the same statutes above cited, provide, that no devise or will shall be revocable, but in the manner or by the means set forth; if in writing, with the same formalities that are required in the execution of the will, “ or by destroying or obliterating the same by the testator himself, or some other person in his presence, and by his direction or consent;” A. A. 1789, Sect. 3 ; A. A. 1824, Sect. 9 : and again having reference to a change of social relations, by 10 Sect., A. A. 1789, it is declared, “ If any person making a will, shall afterwards marry and die leaving issue, it shall be deemed and taken to be a revocation of such will to all intents and purposes.”
The proof failing to meet the requirement of the statute, the question has been raised, whether a will may be revoked by *143 implication of law, and upon facts, without the purview of the statute, or, as is elsewhere expressed, where there is a presumed alteration of intention arising from the occurrence of new moral duties, which in every age, and almost in every breast, have swayed the human aifections and conduct.
Ch. Kent says, This question has given rise to some of the most difficult and interesting discussions existing on the subject of wills. Extreme cases are found in the books well calculated to test the principle, but in the case made, this Court adopts the ruling of the Circuit Judge as free from just cause of complaint. ■ Notwithstanding the mysteries thrown around the transaction, a different conclusion than the one attained by the jury upon the facts would have been well calculated to break down the land marks of the law, and would have virtually operated as a repeal of the statute.
The motion for a new; trial, is dismissed.
ONeall, Wardlaw, WitheRS, GrLOVER and Mtoro, JJ., concurred.

Motion dismissed.